1
2
3
4
5

KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Road, Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
kdeneau@lemberglaw.com

6
7
8
9
10

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

11
12

Attorneys for Plaintiff,
Ronald B. Perry

13        IN THE UNITED STATES DISTRICT COURT

14            FOR THE DISTRICT OF ARIZONA

15

| | |
|---|---|
| 16  Ronald B. Perry, | Case No.: |
| 17          Plaintiff, | |
| 18      vs. | **COMPLAINT** |
| 19 | |
| 20  National Recovery Services, LLC; and DOES 1-10, inclusive, | |
| 21 | |
| 22          Defendants. | |

23
24        For this Complaint, the Plaintiff, Ronald B. Perry, by undersigned counsel,
25  states as follows:
26
27
28

**JURISDICTION**

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of

Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

collect a consumer debt.

2.      Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331,

1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business here and a substantial portion of the acts giving rise to

this action occurred here.

**PARTIES**

4.      The Plaintiff, Ronald B. Perry (hereafter "Plaintiff"), is an adult individual

residing in Sun City West, Arizona, and is a "consumer" as the term is defined by 15

U.S.C. § 1692a(3).

5.      The Defendant, National Recovery Services, LLC (hereafter "NRS"), is a

company with an address of 416 S Main Street # 3, Ottawa, Kansas 66067-2342,

operating as a collection agency, and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6).

2

6.      Does 1-10 (the "Collectors") are individual collectors employed by NRS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      NRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to NRS for collection, or NRS was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      NRS Engages in Harassment and Abusive Tactics**

12.     Within the last year, NRS has placed as many as two (2) calls a day to Plaintiff on a daily basis in an attempt to collect the Debt.

3

13.     Plaintiff has repeatedly told NRS that he does not believe the Debt is valid, and that it pertains to a diabetes prescription he never ordered.

14.     Further, Plaintiff has repeatedly requested that NRS cease calling him in an attempt to collect the Debt.

15.     On May 24, 2011 Plaintiff mailed a letter to NRS stating, "THE PURPOSE OF THIS LETTER IS TO INFORM YOU THAT CALLING ME OR VISITING ME AT MY PLACE OF WORK, OR MY HOME AT ANYTIME IS INCONVENIENT TO ME. THEREFORE, YOU MAY NOT ATTEMPT TO REACH ME BY PHONE OR BY VISITING MY HOME OR WORK PLACE. YOU MAY COMMUNICATE WITH ME BY U.S.MAIL ONLY."

16.     Despite Plaintiff's written and oral requests, NRS continued to place daily calls to Plaintiff in an attempt to collect the Debt.

17.     NRS used an automatic dialing system to place calls to Plaintiff on a daily basis.

18.     Plaintiff permanently turned off his voice message system due to NRS's continual harassment.

**C.     Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

4

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

24.     The Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

25.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

27.    The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

28.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32.    Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Arizona state law.

33.    The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls.

34.    The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

35.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

37.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT- 47 U.S.C. § 227, *et seq.*

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39.     Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

40.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

41.    All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

8

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 1, 2011                    LEMBERG & ASSOCIATES, LLC


                                             By:  */s/  Kindra Deneau*
                                             Kindra Deneau

                                             Attorney for Plaintiff
                                             Ronald B. Perry